GARCÍA, PLAINTIFF AND APPELLANT, *v.* JUNCOS CENTRAL
COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in
an Action to Annul a Deed.

No. 1488.—Decided April 20, 1917.

CONTRACT—SALE OF PROPERTY—AREA OF PROPERTY—CONSIDERATION.—The plain-
tiff sold for a lump sum a property whose area was determined by metes
and bounds. A subsequent purchaser by units of measurement had the
property surveyed and it was found to contain a less area. Thereupon the
last purchaser and the original owner executed a notarial act, stipulating
that in order to avoid litigation the latter agreed to a resurvey by a sur-
veyor to be named by her, and that if any difference resulted it should be
deducted from the balance due and owing by the present owner and se-
cured by a mortgage, based on the price for which she sold it. *Held:* That
this was the consideration of the contract which was not affected by the
fact that when the plaintiff signed the notarial act no action was pending
against her on that account, or that she erroneously believed that she was
under legal obligation to pay the difference between the number of *cuerdas*
which she represented the property to contain and the number shown by the
survey; for such error of law could not avail to annul the obligation freely
contracted, since ignorance of the law neither excuses nor favors any one.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for the appellant.

*Messrs. Charles Hartzell* and *F. Ramírez de Arellano* for
the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

For the lump sum of $50,000 and by boundaries Natividad
García sold a property said to contain 162.28 *cuerdas* of land
to the Sociedad Agrícola de Gurabo. Two years later the said
company sold and conveyed the said property, which was rep-
resented as containing the said area, to the Juncos Central
Company, at the rate of $225 the *cuerda*. From a survey
made later by the last purchaser it was found to contain only
154.40 *cuerdas,* and as the result of a conference for that pur-
pose between the representatives of the said two companies
and the original owner, Natividad García and the represent-
ative of the Juncos Central Company executed a notarial act
setting forth the result of the survey of the property made by
the latter and stipulating that in order to avoid litigation the

parties agreed that the property should be resurveyed by a surveyor to be named by Natividad García and that if any difference resulted it should be deducted from the balance due and owing by the present owner to the said Natividad García and secured by a mortgage on the said property, such deduction to be based on the price for which she sold the same to the Sociedad Agrícola de Gurabo, the Juncos Central Company reserving any rights it might have against the company from which it purchased the property, which rights were not to be considered as waived by the said agreement.

Some time after the execution of the said instrument Natividad García filed a complaint against the Juncos Central Company praying that the said notarial act be annulled on the ground that it was fraudulent and obtained by deceit, and that there was no consideration for the obligation contracted by the plaintiff because there was no action pending against her before or at the time.

The case having been prosecuted according to law, judgment was rendered dismissing the complaint, and the plaintiff took the present appeal therefrom.

We may disregard the allegation of fraud and deceit because it was not proved, for the trial judge gave no credence to the testimony of the plaintiff, which was the only evidence introduced on that point. Moreover, the appellant attaches no importance to that question, for her argument is almost exclusively directed to showing that there was no consideration for the obligation which she contracted, and, therefore, that the notarial act should be annulled and the judgment appealed from reversed.

Was the obligation contracted by the appellant in the instrument which she signed based on a consideration? That is the real question we are now called upon to decide.

It is recited in the instrument that the survey of the property showed a less area than that represented by Natividad when she sold the property, although the sale was made for a lump sum and by boundaries; and it was stated

also that in order to avoid litigation she agreed that if any difference resulted it should be deducted from the amount due and owing to her and secured by mortgage, based on the price for which she sold it. The plaintiff-appellant therefore feared that the difference in area might give rise to litigation and sought to avoid this by relinquishing a part of the amount which the Juncos Central Company owed her and which was secured by mortgage. This was the consideration of her obligation which was not affected by the fact that when she signed the notarial act no action was pending against her on that account, for the consideration for her obligation was not to terminate a pending action, nor the fact, as claimed by her, that there was no cause of action on which suit could be brought, inasmuch as she had delivered all the property comprised within the boundaries and the sale was for a lump sum; because if she erroneously believed that she was under legal obligation to return the difference between the number of *cuerdas* which she represented the property to contain and the number shown by the survey as made by a surveyor, such error of law could not avail her to secure the annulment of the obligation which she freely contracted, since ignorance of the law neither excuses nor favors any one.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.